UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **SILVERTON FINANCIAL SERVICES, INC.,** | ) | **Case No. 09-74623-jem** |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |

**MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS
RECEIVER AND THE CHAPTER 7 TRUSTEE FOR AN ORDER PURSUANT TO
§§105, 363, 541(a) AND 704(a) OF THE BANKRUPTCY CODE APPROVING
STIPULATION WITH THE CHAPTER 7 TRUSTEE OF THE DEBTOR REGARDING
<u>ESTABLISHMENT OF AN ESCROW ACCOUNT</u>**

The Federal Deposit Insurance Corporation, in its capacity as receiver for Silverton Bank, N.A. of Atlanta, Georgia (the "FDIC-R"), and Jeffery K. Kerr, as Chapter 7 Trustee for the Debtor (the "Trustee," together with the FDIC-R, the "Movants") hereby file this motion (the "Motion") for an order pursuant to §§105, 363, 541(a) and 704(a) of the Bankruptcy Code, approving a stipulation with the Chapter 7 Trustee for the bankruptcy estate of Silverton Financial Services, Inc. (the "Debtor") regarding the establishment of an escrow account to hold tax refunds and other monies that the FDIC-R contends belong to the receivership and that the Trustee contends belong to the Debtor's bankruptcy estate. In support thereof, the FDIC-R states as follows:

**BACKGROUND**

1. On June 5, 2009 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court").

2. On or about June 8, 2009, Jeffrey K. Kerr, was named as Chapter 7 Trustee for the bankruptcy estate of the Debtor.

3. On May 1, 2009, Silverton Bank, N.A. of Atlanta, Georgia (the "Bank") was closed by the Office of the Comptroller of the Currency and the FDIC-R was named receiver.

4. Upon its appointment as receiver the FDIC-R succeeded to all rights, titles, powers, and privileges of the Bank, pursuant to 12 U.S.C. § 1821(d)(2)(A)(i).

5. The Debtor is a holding company for subsidiaries engaged in the businesses, among others, of banking and insurance.

6. The Debtor owns 100% of the shares of the Bank.

7. From time to time prior to the Petition Date, the Debtor filed consolidated tax returns on behalf of itself and its consolidated subsidiaries, including the Bank.  For example, on or about September 15, 2009 the Debtor filed 2008 consolidated tax returns for the Debtor and its consolidated subsidiaries.  The FDIC-R is in possession of a tax refund check from the United States Internal Revenue Service ("IRS") in the amount of $386,252.65 (the "IRS Refund").  In addition, upon information and belief, refunds in the approximate amounts of $401,539.00 from the State of Georgia, $686.00 from the State of Alabama, and $214,267.00 from the State of Tennessee (collectively, the "State Refunds") are currently due and owing.  The FDIC-R and the Trustee anticipate that additional monies may be forthcoming that may be issued as income tax refunds by the IRS and/or various taxing authorities with respect to pre-petition activities of the Debtor and its consolidated subsidiaries, including the Bank (the "Future Refunds").  The IRS

Refunds, the State Refunds and the Future Refunds are collectively referred to herein as "Tax Refunds".

8. The FDIC-R contends and will assert that some or all of the Tax Refunds belong to the Bank and are property of the FDIC-R.

9. The Trustee, however, contends and will assert that some or all of the Tax Refunds belong to the Debtor and are property of the bankruptcy estate.

10. In addition, there may be non-tax related funds some or all of which the FDIC-R may contend belong to the Bank, and some or all of which the Trustee may contend belong to the Debtor's bankruptcy estate. The FDIC-R and the Trustee may enter into a written agreement to treat such non-tax related funds pursuant to the terms of the Stipulation. The non-tax related funds that are treated pursuant to the terms of the Stipulation are referred to herein as "Additional Funds". The Tax Refunds and the Additional Funds are collectively referred to herein as the "Escrow Funds".

## **JURISDICTION**

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

12. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## **LEGAL AUTHORITY**

13. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

14. Section 363(b) of the Bankruptcy Code provides that, after notice and a hearing, the court may authorize the trustee to use property outside the ordinary course of business.

15. Section 541(a)(1) of the Bankruptcy Code provides that the bankruptcy estate "is comprised of all of the following property wherever located and by whomever held: (1) . . . all legal and equitable interests of the debtor and property as of the commencement of the case."

16. Section 704(a) of the Bankruptcy Code requires a trustee to collect property of the estate and to be accountable for all property received.

17. Pursuant to 12 U.S.C. §1821(d)(2)(A)(i), a receiver succeeds to all rights, titles, powers and privileges of the insured depository institution, and of any stockholder in the assets of the institution.

18. Section 1821(d)(2)(B) of Title 12 entitles a receiver to take over the assets of the insured depository institution, collect all obligations and money due the institution, and preserve and conserve "the assets and property of such institution."

**RELIEF REQUESTED**

19. The Movants seek entry of an order approving the Stipulation (attached as Exhibit A) to permit the Escrow Funds to be negotiated and deposited into an interest-bearing account, while the Trustee and the FDIC-R attempt to resolve their disagreement regarding ownership of the Escrow Funds.

**BASIS FOR RELIEF**

20. The Stipulation should be approved because it is in the best interests of the bankruptcy estate, the receivership and all parties in interest. The Movants are in negotiations concerning the ownership of the Escrow Funds. The negotiation and deposit of the Escrow Funds in an interest-bearing account will protect and preserve the Movants' respective interest in the Escrow Funds until the ownership of the Escrow Funds is conclusively resolved.

21. Among other things the Stipulation provides that:

(a) upon receipt the Trustee shall deposit the Escrow Funds, in a separate and segregated interest-bearing money market or certificate of deposit account at The Bank of New York Mellon (the "Escrow Account"), which shall remain separate and segregated from any other accounts established by the Trustee;

(b) no money shall be distributed or released out of the Escrow Account, except (i) in accordance with an express agreement of the parties that is approved by this Court upon a joint motion filed by the parties, and notice and a hearing; or (ii) absent express agreement of the parties, then in accordance with a final order of a Federal court of

competent jurisdiction determining the parties' respective rights to the Escrow Funds upon appropriate proceeding commenced by either party, in either event with at least ten (10) days notice and a hearing;

(c) the Escrow Account shall comply with the requirements of Section 345 of the Bankruptcy Code until all funds are disbursed from the Escrow Account;

(d) no presumption or adverse inference shall exist or arise that a debtor-creditor relationship exists between the FDIC-R and the Debtor's bankruptcy estate merely because of the Stipulation or the involvement of the Trustee in holding, depositing, maintaining or negotiating the Escrow Funds. All such issues are reserved for future determination;

(e) no presumption or adverse inference shall exist or arise that the Escrow Funds, in whole or in part, belong to or are property of the FDIC-R or the bankruptcy estate of the Debtor merely because of the Stipulation or involvement of the Trustee in holding, depositing, maintaining or negotiating the Escrow Funds. All such rights shall be reserved for future determination;

(f) nothing in the Stipulation or any order entered approving the same shall prejudice, waive or impair the right of either the FDIC-R or the Trustee to seek a determination of the ownership of the Escrow Funds, or any other monies deposited in the Escrow Account, by a Federal court of competent jurisdiction.

## NOTICE

22. A copy of the Motion has been provided to the U.S. Trustee and all other persons who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Movants submit that no other and further notice need be provided.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit "B", granting the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 25, 2009.

| | |
|---|---|
| /s/Valerie Richmond (by EWA with permission | /s/ Eric W. Anderson |
| Paul G. Durdaller (Ga. Bar No. 234890) | Eric W. Anderson (Ga. Bar. No. 016810) |
| John R. Richard (Ga. Bar. No. 603989) | PARKER, HUDSON, RAINER & DOBBS LLP |
| Valerie Richmond (Ga. Bar No. 142188) | 1500 Marquis Two Tower |
| TAYLOR ENGLISH DUMA LLP | 285 Peachtree Center Avenue, N.E. |
| 1600 Parkwood Circle, Suite 400 | Atlanta, Georgia 30303 |
| Atlanta, Georgia 30339 | Phone: (404) 420-4331 |
| Phone: (770) 434-6868 | eanderson@phrd.com |
| Pdurdaller@talorenglish.com | |
| | Counsel for Jeffrey K. Kerr, as Chapter 7 Trustee for Silverton Financial Services, Inc. |
| Counsel for the Federal Deposit Insurance Corporation, in its capacity as Receiver of Silverton Bank, N.A. of Atlanta, Georgia | |

# **<u>EXHIBIT A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| | ) | |
| **SILVERTON FINANCIAL SERVICES, INC.,** | ) | Case No. 09-74623-jem |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |

### STIPULATION BETWEEN THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER AND THE CHAPTER 7 TRUSTEE OF THE DEBTOR REGARDING ESTABLISHMENT OF AN ESCROW ACCOUNT

This Stipulation and Agreement (the "Stipulation") dated November 25, 2009 is entered into by and between the Federal Deposit Insurance Corporation, in its capacity as receiver of Silverton Bank, N.A. of Atlanta, Georgia (the "FDIC-R") and the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Silverton Financial Services, Inc. (the "Debtor") regarding the establishment of an escrow account. In support thereof, the Trustee and the FDIC-R state as follows:

WHEREAS, on May 1, 2009, Silverton Bank, N.A. of Atlanta, Georgia (the "Bank") was closed by the Office of the Comptroller of the Currency and the FDIC-R was named receiver;

WHEREAS, upon its appointment as receiver, pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC-R succeeded to all rights, titles, powers, and privileges of the Bank;

WHEREAS, on June 5, 2009 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court");

WHEREAS, on or about June 8, 2009, Jeffrey K. Kerr, was named as Chapter 7 Trustee for the bankruptcy estate of the Debtor;

WHEREAS, the Debtor is a holding company for subsidiaries engaged in the businesses, among others, of banking and insurance;

WHEREAS, the Debtor owns 100% of the shares of the Bank;

WHEREAS, from time to time prior to the Petition Date, the Debtor filed consolidated tax returns on behalf of itself and its consolidated subsidiaries, including the Bank. For example,

on or about September 15, 2009, the Debtor filed 2008 consolidated tax returns for the Debtor and its consolidated subsidiaries;

WHEREAS, the FDIC-R is in possession of a tax refund check from the United States Internal Revenue Service ("IRS") in the amount of $386,252.65 (the "IRS Refund");

WHEREAS, upon information and belief, refunds in the approximate amounts of $401,539.00 from the State of Georgia, $686.00 for the State of Alabama, and $214,267.00 from the State of Tennessee (collectively, the "State Refunds") are currently due and owing;

WHEREAS, the FDIC-R and the Trustee anticipate that there may be other refunds issued by the IRS and/or by various taxing authorities with respect to pre-petition activities of the Debtor and its consolidated subsidiaries, including the Bank (the "Future Refunds", collectively with the IRS Refund and the State Refunds, the "Tax Refunds");

WHEREAS, the FDIC-R contends that some or all of the Tax Refunds belong to the Bank and thus are property of the FDIC-R as receiver for the Bank;

WHEREAS, the Trustee contends that some or all of the Tax Refunds belong to the Debtor and thus are property of the bankruptcy estate;

WHEREAS, there may be non-tax related funds some or all of which the FDIC-R may claim as belonging to the Bank, and some or all of which the Trustee may claim as belonging solely to the Debtor's bankruptcy estate;

WHEREAS, the FDIC-R and the Trustee may enter into a written agreement to treat some or all of such non-tax related funds pursuant to the terms of this Stipulation. The non-tax related funds that are treated pursuant to the terms of this Stipulation are referred to herein as "Additional Funds";

WHEREAS, the Tax Refunds and the Additional Funds are collectively referred to herein as the "Escrow Funds";

WHEREAS, the Trustee and the FDIC-R agree that no final determination has been made as to whether the Escrow Funds in whole or in part, are property of the FDIC-R in its capacity as receiver or the bankruptcy estate of the Debtor;

WHEREAS, the Trustee and the FDIC-R believe that it is in the best interest of all parties to collect and deposit the Escrow Funds in an appropriate segregated interest-bearing escrow account, without prejudice to either party's position, to permit interest to accrue thereon while the determination of ownership of the Escrow Funds is being resolved;

WHEREAS, the Trustee and the FDIC-R are desirous of entering into this Stipulation regarding deposit of the Escrow Funds into an escrow arrangement pursuant to which the Trustee shall deposit the Escrow Funds in a separate and segregated interest-bearing money market or certificate of deposit account at The Bank of New York Mellon ("BNY Mellon") and which will

- 2 -

permit the Escrow Funds to be held therein without any admission or presumption being raised as to whether they are property of the bankruptcy estate of the Debtor or the FDIC-R, pending resolution by the parties or a judicial determination.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. The Trustee shall establish an interest-bearing money market or certificate of deposit account at BNY Mellon which shall be and remain separate from any other accounts established by the Trustee (the "Escrow Account").

2. The Escrow Funds will be deposited promptly into the Escrow Account upon receipt and shall be subject to this Stipulation.

3. The Escrow Account shall comply with the requirements of Section 345 of the Bankruptcy Code until all funds are disbursed from the account.

4. The Trustee and the FDIC-R agree that no monies shall be withdrawn, distributed or released by or from the Escrow Account except under one of the following circumstances:

(A) if the Trustee and FDIC-R reach agreement as to the allocation of the Escrow Funds, the parties shall prepare and execute a stipulation setting forth the terms of the agreement, and file a joint motion to this Court seeking this Court's approval of such stipulation after notice and a hearing. The Refund monies shall only be disbursed and distributed at such time as this Court's order approving the stipulation is final, and then only in accordance with the terms of the approved stipulation;

(B) if the Trustee and FDIC-R do not reach agreement as to the allocation of the Escrow Funds, either party may file an appropriate motion or adversary proceeding in this case seeking a determination of the parties' respective claims, rights, and interests in and to the Escrow Funds, and the determination of the parties' respective claims, rights, and interests in and to the Escrow Funds, and the monies in the Escrow Account shall only be disbursed in accordance with a final order of this Court disposing of such motion or proceeding; or

(C) pursuant to a final order entered by a Federal court of competent jurisdiction that determines the parties' respective claims, rights, and interests in and to the Escrow Funds and directs a distribution of the Escrow Funds in accordance therewith.

5. The distribution or release of any monies from the Escrow Account upon entry of a final order directing the same, shall be without set-off, defense, deduction, chargeback or counterclaim of any kind, nature or description.

6. No presumption or adverse inference shall exist or arise that a debtor-creditor relationship exists between the FDIC-R and the Debtor's bankruptcy estate merely because of this Stipulation or the involvement of the Trustee in holding, depositing, maintaining, or negotiating the Escrow Funds. All such issues are reserved for future determination.

- 3 -

7.      No presumption or adverse inference shall exist or arise that the Escrow Funds, in whole or in part, belong to and are the property of the FDIC-R or the bankruptcy estate of the Debtor merely because of this Stipulation or the involvement of the Trustee in holding, depositing, maintaining or negotiating the Escrow Funds.

8.      The Trustee shall direct BNY Mellon to release the funds held in the Escrow Account upon entry of a final order entered in accordance with the terms of this Stipulation, and BNY Mellon shall release such funds without set-off, defense, deduction, chargeback or counterclaim of any kind, nature or description.

9.      For the purposes of this Stipulation, notice is proper if given in writing by email and overnight delivery to:

>   A.    The Trustee:
>
>         Jeffery K. Kerr, Chapter 7 Trustee
>         241 W. Wieuca Road NE, Suite 130
>         Atlanta, GA 30342-3300
>         jeff@jeffkerrcpa.com
>
>         and
>
>         Eric W. Anderson, Esq.
>         Parker, Hudson, Rainer & Dobbs LLP
>         1500 Marquis Two Tower
>         285 Peachtree Center Avenue, N.E.
>         Atlanta, Georgia 30303
>         eanderson@phrd.com
>
>   B.    The FDIC-R
>
>         Paul G. Durdaller, Esq.
>         Taylor English Duma LLP
>         1600 Parkwood Circle, Suite 400
>         Atlanta, Georgia  30339
>         pdurdaller@taylorenglish.com
>
>         and
>
>         B. Amon James, Esq.
>         Federal Deposit Insurance Corporation
>         3501 Fairfax Drive, Room D-7074
>         Arlington, VA 22226
>         bajames@fdic.gov

10. Promptly upon receipt thereof, the Trustee shall send copies of the BNY Mellon monthly statements concerning the Escrow Account to the FDIC-R by regular mail as provided in paragraph 9.

11. The Trustee and the FDIC-R agree to cooperate with each other to amicably resolve the ownership of the Escrow Funds and any other monies deposited into the Escrow Account.

12. When funds are released from the Escrow Account and distributed, a pro-rata share of the accrued interest thereon shall be distributed therewith.

13. Nothing herein shall prejudice, waive or impair the right of either the FDIC-R or the Trustee to take or commence any action or proceeding, including but not limited to, seeking a declaration that the Escrow Funds and/or any other monies deposited into the Escrow Account belong to it and are its property pursuant to any statutory, regulatory or judicial authority. Further, nothing herein shall prejudice, waive or impair the right of the FDIC-R or the Trustee to seek a determination as to the ownership of the Escrow Funds in a Federal court of competent jurisdiction.

*[remainder of page intentionally left blank]*

14. The parties agree to cooperate to obtain Bankruptcy Court approval of this Stipulation. Pending such approval by the Bankruptcy Court and at all times thereafter, this Stipulation shall govern the establishment of the Escrow Account, and the deposit and maintenance of the Escrow Funds and any other monies therein.

STIPULATED and AGREED to this 25th day of November, 2009

**TAYLOR ENGLISH DUMA LLP**

By:___/s/ Paul S. Durdaller (by EWA with permission)___
Paul G. Durdaller, Esq.
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia  30339

Counsel for the Federal Deposit Insurance Corporation,
In its capacity as Receiver for Silverton Bank, N.A. of Atlanta, Georgia

**PARKER, HUDSON, RAINER & DOBBS LLP**

By:__/s/ Eric W. Anderson_____
Eric W. Anderson, Esq.
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303

Counsel for the Chapter 7 Trustee for
Silverton Financial Services, Inc.

# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **SILVERTON FINANCIAL SERVICES, INC.,** | ) | **Case No. 09-74623-jem** |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |

**ORDER APPROVING STIPULATION BETWEEN THE FEDERAL DEPOSIT
INSURANCE CORPORATION AS RECEIVER AND THE CHAPTER 7 TRUSTEE OF
THE DEBTOR REGARDING ESTABLISHMENT OF AN ESCROW ACCOUNT**

Upon the motion dated November 25, 2009, of the Federal Deposit Insurance Corporation, in its capacity as receiver of Silverton Bank, N.A. of Atlanta, Georgia (the "FDIC-R") and Jeffery K. Kerr as Chapter 7 Trustee for the Debtor (the "Trustee") for an Order, pursuant to §§105, 363, 541(a) and 704(a) of the Bankruptcy Code, approving the stipulation between the Federal Deposit Insurance Corporation as Receiver with the Chapter 7 Trustee for the bankruptcy estate of Silverton Financial Services, Inc. (the "Debtor") regarding the establishment of an escrow account (the "Motion"), which stipulation is attached as Exhibit A to the Motion (the "Stipulation"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and due and proper notice of the

- 2 -

Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors and all parties in interest; and after due deliberation and sufficient cause appearing thereof, it is hereby:

ORDERED that the Motion is GRANTED.  It is

FURTHER ORDERED that the Stipulation is approved. It is

FURTHER ORDERED that the FDIC-R and the Trustee shall immediately, upon receipt of Escrow Funds (as defined in the Stipulation), deposit the Escrow Funds in the Escrow Account (as defined in the Stipulation).  It is

FURTHER ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and or enforcement of this Order and the Stipulation.

IT IS SO ORDERED, at Atlanta, Georgia.

***END OF ORDER***

- 3 -

PREPARED AND PRESENTED BY:

**TAYLOR ENGLISH DUMA LLP**

 /s/ Valerie Richmond (by EWA with permission)
Paul G. Durdaller (Ga. Bar No. 234890)
John R. Richard (Ga. Bar. No. 603989)
Valerie Richmond (Ga. Bar No. 142188)
1600 Parkwood Circle, Suite 400
Atlanta, Georgia  30339
Phone: (770) 434-6868
Fax: (770) 434-7376
Pdurdaller@talorenglish.com

Counsel for the Federal Deposition Insurance Corporation,
in its capacity as Receiver of Silverton Bank, N.A. of Atlanta, Georgia

REVIEWED AND CONSENTED TO BY:

**PARKER, HUDSON, RAINER & DOBBS LLP**

 /s/ Eric W. Anderson
Eric W. Anderson (Ga. Bar. No. 016810)
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Phone:  (404) 420-4331
Fax:  (404) 522-8409
eanderson@phrd.com

Counsel to the Chapter 7 Trustee
for Silverton Financial Services, Inc.

- 3 -

- 4 -

**<u>DISTRIBUTION LIST</u>**

Eric W. Anderson
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303


Jeffery K. Kerr
241 W. Wieuca Road NE
Suite 130
Atlanta, GA 30342-3300


Paul G. Durdaller
TAYLOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia  30339